**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1506**

_____

HOBET MINING, INCORPORATED; ARCH RESOURCES,

        Petitioners,

      v.

RUSSELL T. FRIDLEY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0523 BLA)

_____

Submitted:  May 29, 2026                    Decided:  June 9, 2026

_____

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Petition granted; board decision vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Michael A. Pusateri, W. William Prochot, Patricia C. Karppi, GREENBERG TRAURIG, LLP, Washington, D.C., for Petitioners.  Jonathan L. Snare, Acting Solicitor of Labor, Jennifer Feldman Jones, Acting Associate Solicitor, Olgamaris Fernandez, Acting Deputy Associate Solicitor, Sean Bajkowski, William M. Bush, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.  Heath M. Long, Matthew A. Gribler, PAWLOWSKI, BILONICK & LONG, Ebensburg, Pennsylvania, for Respondent Russell T. Fridley.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arch Resources, Inc. ("Arch"), and Hobet Mining, Inc. (collectively, "Employer"), petition for review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) award of miner's benefits to Russell T. Fridley under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944.  Employer does not challenge the ALJ's finding that Fridley is entitled to benefits.  Instead, Employer contends that the ALJ erred in finding that Arch was liable for payment of those benefits.

In *Hobet Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 156 F.4th 385 (4th Cir. 2025) ("*Meredith*"), we held that "nothing in the regulations concerning black lung insurance justifie[d] imposing liability on Arch for [the miner's] benefits." *Id.* at 399.  Because the relevant factual circumstances in this case are identical to those in *Meredith*, we conclude that the ALJ erred in finding Arch liable for payment of Fridley's benefits.

Accordingly, we grant Employer's petition for review, vacate the BRB's order, and remand for entry of an order directing the Black Lung Disability Trust Fund to pay Fridley benefits on his miner's claim.  *See* 26 U.S.C. § 9501(d)(1)(B).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.[*]

*PETITION GRANTED;*
*BOARD DECISION VACATED AND REMANDED*

---

[*] Because briefing has been completed in this case, we deny as unnecessary Employer's motion for summary disposition under 4th Cir. R. 27(f)(1).

2